Dianne W. Cassano
c/o 77 Railroad Street
Greenlawn, New York 11740

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 10 2003 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW YORK

DIANNE W. CASSANO
    Plaintiff,

v.

ALLEN CARB, individually,
ARNOLD LESSER, individually,
and Twelve JOHN and JANE DOES,
individually,
    Defendants,

Case No. **CV 03 5664**

(S.J.)

SEYBERT, J.
LINDSAY, M.

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. § 1983

## A. JURISDICTION

1) Dianne W. Cassano, is a Citizen of New York who presently resides at 77 Railroad Street, Greenlawn, New York, 11740.

2) One of the Defendants is Allen Carb, a Citizen of New York, and is a Doctor of Veterinary Medicine, and is employed as such at North Shore Veterinary Surgery, presently located at Commack Animal Emergency, 6230 C Jericho Turnpike, Commack, New York 11725;

3) Another Defendant is Arnold Lesser, a Citizen of New York, and is a Doctor of Veterinary Medicine, and is employed as a Veterinary Surgeon, presently located at Commack Animal Emergency, 6230 C Jericho Turnpike, Commack, New York 11725;

4) Other Defendants are 11 John and Jane Does on best belief are Citizens of New York who reside within the State of New York.

1

5) One John or Jane Doe, is a Citizen of New York, was and is employed by, or performs professional services for Defendants Allen Carb and Arnold Lesser as a financial accountant, however present location and identity is at present unknown.

At the times of the claim alleged in this complaint arose, were the defendants acting under color of law?

6) Yes [ X ]   No [ ]   If your answer is "Yes", briefly explain;

7) Defendants intentionally defied Federal laws with sufficient force and effect so as to deny the power of the United States Constitution harming the Plaintiff without recourse usurping powers not otherwise available to them.

8) Jurisdiction is invoked pursuant to 42 U.S.C. §§ 1986, 1985, 1983; 18 U.S.C. § 241; Article IV, First and § 1, Fourteenth Amendments to the Constitution of the United States of America; and § 207 of the Civil Rights Act of 1964.

## B. NATURE OF THE CASE

1) Briefly state the background of the case:

Defendants intentionally defied Federal statutes with sufficient force and effect so as to deny the power of the State and National Constitutions. They engage individually, jointly and severally in collusion, and conspiracy harming the Plaintiff, and continued to do so after being fully informed of their conduct. They held Plaintiff to conditions of involuntary servitude even though never having been convicted of crimes by usurping authorities not possessed. Plaintiff was offered and she accepted a contract for employment at above referenced North Shore Veterinary Surgery. After a period of continuous employment was compelled to disclose her social security number on threat of being terminated from her employment. She refused disclosing her number and was

2

arbitrarily terminated based on discrimination of her National Origin, inasmuch as she was not born with a Social Security Account number stamped on her body. Plaintiff is prepared and desires to give sworn testimony in open court to the acts in violation of Federal law, having been imposed upon her without viable alternatives; either she disclose her number or be terminated.

### C. CAUSE OF ACTION

1) I allege that the following of my Constitutional Rights, privileges or immunities have been violated and that the following facts form the basis for my allegations:

**A) Count 1:  Conspiracy Against the State and National Constitutions.**

1) Plaintiff alleges the defendants individually, jointly and severally deprived her of her Constitutional Rights as secured by the Fourth Amendment; the Fifth Amendment; § 1, Thirteenth Amendment; § 1 Fourteenth Amendment to the Constitution of the United States of America and §§ 1, 11 and 12, Article 1 of the Constitution of the State of New York.

2) Defendants Allen Carb, Arnold Lesser, and Financial accountant John or Jane Doe, each individually and in concert were unwilling, failed or refused, to oppose the conspiracy against both Constitutions.

3) Plaintiff was held without viable alternatives and was unable to engage in or satisfy the provisions of her contract with Allen Carb and Arnold Lesser, as secured by § 10, Article I of the National Constitution, and § 1, Article I, Constitution for the State of New York without joining in their conspiracy.

4) The Plaintiff is entitled to Rights, privileges, and immunities secured by provisions in the Constitution of the United States of America, and she avails herself to the remedies provided her by federal statutes for the deprivation and denial of her entitlements.

**B) Count II: Impairment of Contract:**

1) Plaintiff entered into a valid contract for employment and Defendants arbitrarily impaired the contract in restraint of trade; based upon discrimination of National Origin; by and through Defendants' conspiracy against the both Constitutions and laws enacted thereto for the protection of the public.

2) Defendant Allen Carb, "Carb", was provided true and accurate copies of 42 U.S.C. § 408 prohibiting any one to compel another to disclose their social security number.

3) Additionally, Carb was provided true and accurate copies of 18 U.S.C. § 242 and and Article IV, Constitution of the United States of America, however, contrary to law, Carb chose to ignore both federal law and Plaintiff's Citizen Rights by notifying Plaintiff that she would not continue any further to receive compensation in performing her employment contract without making disclosure of her Social Security account number.

4) When Plaintiff reiterated her refusal to disclose such information pursuant to above referenced federal laws; Carb capriciously and arbitrarily terminated the Plaintiff's employment contract of labor without ground.

5) Defendant Arnold Lesser was, and is, an active party to the contract impairment, in association with Defendant Carb, having the appearance of a partnership, Lesser joined Carb to give effect to the impairment of said contract, acting in concert and in conspiracy at all times pertinent.

6) John or Jane Doe, accountant for North Shore Veterinary Surgery, and for Defendants

Carb and Lesser was, and is, an active party to the impairment of contract and conspiracy, joining Carb and Lesser by and through his or her instructing Carb to deny Plaintiff her continued compensation for her labor and therefore her performance of contract, unless and/or until Plaintiff disclosed her Social Security account number. Defendant financial accountant John or Jane Doe informed Carb and Lesser they had a legal right to demand Plaintiff to disclose her number or terminate her contract.

7) At no time pertinent did any one of the Defendants exercise any authority of office to oppose the impairment of contract and discrimination being advanced upon Plaintiff, although each individually could have acted to stop its progress at any time and in any instance. 42 U.S.C. § 1986 entitles Plaintiff to a remedy under the law.

8) The intentional joint, several and individual acts by Carb, Lesser and Doe(s), setting aside Federal statute to engage in discrimination and wrongful termination; denying Plaintiff the Right to privacy; the Right to labor; the Right to discharge obligation of contract; all Rights established by provisions in the National Constitution and secured by both National and State Constitutions, became a conspiracy. Their so engaging as co-conspirators thereby undermined the integrity of both Constitutions and federal law.

9) Plaintiff is entitled to a remedy under law.

**C) Count III: Deprivation of Rights under 42 U.S.C. §§ 1983, 1985, 1986 and 1994.**

1) Plaintiff alleges the Defendants jointly and severally deprived her of Constitutional Rights under color of law as secured by § 2, Article III, the Fifth Amendment and § 1. Fourteenth Amendment to the Constitution of the United States of America and §§ 1, 11 and 12, Article I, Constitution of New York.

2) Plaintiff is entitled to injunctive relief forthwith.

### D) Count IV: Conspiracy and Extortion of Citizen Rights

1) Defendant Carb, without authority attempted to compel the disclosure of information contrary to federal law and providing no viable alternatives is addressed as extortion; Carb then terminated Plaintiff's contract of labor, thereby denying her the Right to labor, based on discrimination of National Origin.

2) Defendant Lesser, with authority of his position failed or refused to oppose and/or prevent Plaintiff's deprivation of Citizen Rights, thereby acting in concert to advance the discrimination upon an American Citizen.

3) John or Jane Doe, as financial accountant for Carb and Lesser, advised both defendants against continued compensation for Plaintiff's labor until such disclosure was made, contrary to federal law, thereby joining in the conspiracy to impair obligation of contract; promote an act of extortion; to deny Plaintiff the Right to labor; and joined in support of the discrimination based upon Plaintiff's National Origin.

4) Further, Carb stated to Plaintiff, that if she were to continue to refuse disclosure, he would not further compensate her for her labor, thus casting her into involuntary servitude in violation of her secured Constitutional Rights.

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same basic facts involved in this action or otherwise relating to the conditions of your termination? Yes [ ]   No [ X ]

2) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C.   Yes [ ]   No [ X ] If your answer is "No", briefly explain why administrative relief was not sought.

3) The reason administrative relief was not sought for the dilemma expressed in Part C is that the issues contained therein are under federal law and therefore beyond state administrative controls.

### E. REQUEST FOR RELIEF

I believe I am entitled to the following relief:

1) All the monetary damages that may be determined herein above for lost income.

2) To recover damages from Defendants as follows:

   a) Punitive awards for defying State and Federal statures, injuring me.

   b) Punitive awards for denying powers secured for me in the Constitution of the United States of America and the New York State Constitution.

   c) An award of $500,000.00 as damages for pain and suffering, from each individual being a party in this suit.

3) Any punitive damages the jury may award.

4) Any other relief the Court may deem just, fair and proper.

### F. DEMAND FOR A TRIAL BY JURY

1) Plaintiff demands a Trial by Jury of Twelve (12) American Citizens pursuant to Rule 38, Federal Rules of Civil Procedure and 28 U.S.C. § 1654, to hear and determine all equity issues in the above relief the jury may award. This demand is made in a separate document filed with the Court this same day.

*Dianne W. Cassano*, Petitioner
c/o 77 Railroad Street
Greenlawn, New York 11740
631-261-2337